UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. HARRIS,<br><br>                    Petitioner,<br><br>vs.<br><br>RUSSELS ROSS, Warden,<br><br>                    Respondent. | Case No. 1:24-cv-00433-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Steven L. Harris (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 3. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Dkt. 7. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 1**

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation in this matter.

## REVIEW OF PETITION

### 1. Background

Petitioner was convicted of one count of Driving under the Influence (DUI) in the Twin Falls County District Court. On December 5, 2022, he received a ten-year sentence and judgment was entered. Dkt. 3 at 1. It does not appear that Petitioner pursued a direct appeal, but he filed a post-conviction action. *Id*. at 2-3. Petitioner's appeal of the post-conviction decision was dismissed as untimely on June 28, 2024. *See* Dkt. 3-2 (Order Conditionally Dismissing Appeal).

### 2. Discussion

#### A. *Special Treatment of Fourth Amendment Claims*

Petitioner's first claim is an alleged Fourth Amendment violation, that he was stopped without probable cause. Dkt. 3 at 4. The stop formed the basis for his arrest and eventual DUI conviction.

Fourth Amendment claims are treated in a unique manner in federal habeas corpus actions. When a state has provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim, it may not be relitigated by a federal district court in a habeas corpus action, "regardless of its view of the correctness of the state decision." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) (relying on *Stone v. Powell*,

INITIAL REVIEW ORDER - 2

428 U.S. 465, 481–82 (1976) (Fourth Amendment issues are not cognizable on federal

habeas review)); *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986).

Thus, the threshold issue for a Fourth Amendment claim is whether the petitioner

had an initial opportunity for a fair hearing in state court. *See Caldwell*, 781 F.2d at 715.

The narrow question is "whether petitioner had the opportunity to litigate his claim, not

whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-

Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *see also Gordon v. Duran*, 895

F.2d 610, 613-14 (9th Cir. 1990). The petitioner bears the burden of establishing that the

state courts did not consider the Fourth Amendment claim fully and fairly. *Mack*, 564

F.2d at 901.

The United States Supreme Court has not announced a particular test for analyzing

whether a state provided a defendant with an opportunity for full and fair litigation of a

Fourth Amendment claim. To aid in determination of this question, federal district courts

in the Ninth Circuit review transcripts and briefing from the state trial and appellate

courts. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-1179 (9th Cir. 1990) (citing

*Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981)), *cert. denied*, 499 U.S. 979 (1991).

It is unclear whether the Fourth Amendment claim was properly presented to the

Idaho Supreme Court or whether it is procedurally defaulted. The procedural default

standards of law are discussed below.

**INITIAL REVIEW ORDER - 3**

If Respondent raises procedural default, Petitioner may proceed to that stage; if not, Petitioner may proceed to a showing that the state courts did not consider the Fourth Amendment claim fully and fairly. Often both of these questions are litigated as threshold issues in a habeas corpus action.

### B. *Ineffective Assistance of Counsel Claims*

Petitioner's second claim is a Sixth Amendment ineffective assistance of counsel claim. He asserts his defense counsel failed to file a motion to suppress evidence and was untruthful to Petitioner about the basis for the claim. Dkt. 3 at 5. Petitioner's third claim is that his defense counsel failed to file a Rule 35 motion for reduction of sentence. Petitioner attempted to file a pro se Rule 35 motion, but the state court rejected it because that court has a policy of not ruling on pro se motions when a litigant is represented by counsel. *See* Dkt. 3-2 (letter from Twin Falls County Clerk of the District Court).

These two Sixth Amendment claims may be procedurally defaulted if they were not properly presented to the Idaho Supreme Court.

### C. *Judicial Misconduct Claim*

Petitioner's fourth claim is that Idaho District Court Judge Benjamin J. Cluff denied him adequate due process under the Fourteenth Amendment when the judge (a) refused to appoint a conflict attorney for Petitioner, (b) construed Petitioner's Rule 35 motion as a direct appeal, (c) refused to appoint a lawyer for Petitioner on his post-

**INITIAL REVIEW ORDER - 4**

conviction appeal, and (d) refused to provide Petitioner with a transcript at no cost. Dkt. 3 at 7.

Subclaims 4(a) and (d) are cognizable federal claims, but may be procedurally defaulted. Petitioner may proceed to that stage.

Subclaims 4(b) and (c) are not cognizable federal claims, because they are questions of state law. As to Claim 4(b), that a Rule 35 Motion was construed as a direct appeal, federal habeas corpus relief generally is "unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citations omitted), *cert. denied*, 478 U.S. 1021 (1986); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

As to Claim 4(c), that Petitioner was not appointed a post-conviction appellate attorney, habeas corpus is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989); *Williams v. Missouri*, 640 F.2d 140, 143-44 (8th Cir. 1981) ("[I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions.").

Plaintiff may proceed on subclaims (a) and (d) to the extent that they are not procedurally defaulted.

**INITIAL REVIEW ORDER - 5**

### 3.   Conclusion

The Court does not have the full record before it to make a determination on the procedural matters. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal regarding all claims except 4(b) and (c), which are dismissed for failure to state a federal claim upon which relief can be granted.

### 4.   Standards of Law

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law that may apply to Petitioner's case, depending on Respondent's response.

### A.      *Exhaustion of State Court Remedies*

Habeas corpus law requires that a petitioner "exhaust" state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it (1) as a federal claim (2) to the highest state court (3) for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies, a federal district court cannot grant relief, although it does have the discretion to deny such claims. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and no state court remedies

remain available. *O'Sullivan*, 526 U.S. at 848. Another kind of improper exhaustion occurs when a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Improperly exhausted claims are considered "procedurally defaulted." *Id.* at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

As to errors of counsel made on post-conviction review that cause the default of federal claims, the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. 722,

**INITIAL REVIEW ORDER - 7**

752 (1991). This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

Admission of new evidence on federal habeas corpus review is a rare exception, not the rule, even when attempting to show cause and prejudice. In *Shinn v. Ramirez*, 596 U.S. 366 (2022), the United States Supreme Court stated that "there is no point in developing a record for cause and prejudice if a federal court cannot later consider that evidence on the merits," because, if a petitioner cannot meet § 2254(e)(2), a "*Martinez* hearing would serve no purpose," providing "reason to dispense with *Martinez* hearings altogether." *Id*. at 389. This same reasoning applies to attempts to introduce evidence without an evidentiary hearing. *Id*. (citing *Holland v. Jackson*, 542 US. 649, 653 (2004)

**INITIAL REVIEW ORDER - 8**

(per curiam)). *Ramirez* reiterated that post-conviction counsel's fault in failing to produce evidence in state court is attributable to their clients and does not satisfy 28 U.S.C. § 2254(e)(2). *Id.* at 383-87 (recognizing that § 2254(e)(2) provides that, "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless he meets several stringent elements set forth in that section.). The statutory phrase "failed to develop the factual basis of a claim" means that "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437; *see also Hurles v. Ryan*, 752 F.3d 768, 791 (9th Cir. 2014) ("A petitioner who has previously sought and been denied an evidentiary hearing has not failed to develop the factual basis of his claim.").

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). That is, he must show

**INITIAL REVIEW ORDER - 9**

that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

### B.    *Merits Determination*

For any of Petitioner's claims that are properly exhausted, he bears the burden of showing that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under § 2254(d)(1), review is limited to the same record that was before the state court that adjudicated the claim on the merits; new factual development generally is not permitted. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

However, in three circumstances, a federal district court has authority to review a claim de novo: (1) If the state appellate court did not decide a properly-asserted federal claim, (2) if the state court's factual findings are unreasonable under § 2254(d)(2), or (3)

**INITIAL REVIEW ORDER - 10**

if an adequate excuse for procedural default exists. In such instances, § 2254(d)(1) does not apply. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). The de novo review standard permits a district court to draw from both United States Supreme Court and circuit precedent, limited by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989). Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. In other de novo review instances, a petitioner may be permitted to bring new evidence in the federal habeas corpus proceeding if he or she shows an entitlement to do so under the law. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014); 28 U.S.C. § 2254(e)(2).

## ORDER

**IT IS ORDERED:**

1. Petitioner's In Forma Pauperis Application (Dkt. 1) is GRANTED.

2. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 3), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondents, at Mr. Anderson's registered ECF address.

3. Petitioner's request for appointment of counsel (contained in the petition) is DENIED without prejudice, pending the parties' submissions for the next stage of litigation (procedural issues). The Court will re-evaluate the need for counsel once it has had opportunity to review the state court record.

**INITIAL REVIEW ORDER - 11**

4. Claims 4(b) and (c) are DISMISSED for failure to state a federal claim upon which relief can be granted.

5. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

6. Respondents shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

7. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondents' answer and brief, which shall be filed and served **within 30 days** after service of the answer.

**INITIAL REVIEW ORDER - 12**

Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

8. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondents' reply, if any, shall be filed and served **within 14 days** thereafter.

9. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

10. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

11. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

12. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service,

**INITIAL REVIEW ORDER - 13**

and name of the person upon whom service was made, or as specified by the applicable ECF rules.

13. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

14. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

15. Petitioner must at all times keep the Court and Respondent advised of any changes in address.

16. If Petitioner's custodian changes at any point during this litigation, counsel for Respondents shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 14**

DATED:  November 12, 2024



Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**INITIAL REVIEW ORDER - 15**